IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**FATHER JESUS**                                                                                          **PLAINTIFF**

**v.**                                                                                          **Civil No. 1:22cv77-HSO-RPM**

**GULFSIDE CASINO PARTNERSHIP**
**d/b/a ISLAND VIEW CASINO RESORT**                                                  **DEFENDANT**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT
GULFSIDE CASINO PARTNERSHIP'S MOTION [5] TO DISMISS, OR IN
THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is a Motion [5] to Dismiss, or in the Alternative, Motion for Summary Judgment, filed by Defendant Gulfside Casino Partnership. After due consideration of the record and relevant legal authority, the Court finds that Defendant's Motion [5] should be granted, and Plaintiff's claims should be dismissed with prejudice.

I. BACKGROUND

On April 5, 2022, Plaintiff Father Jesus ("Plaintiff" or "Father Jesus") filed a Complaint [1] in this Court against Gulfside Casino Partnership d/b/a Island View Casino Resort ("Gulfside Casino" or "Defendant"), alleging violations of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a. Compl. [1] at 1. He alleges that in 2016, he attempted to enter the premises of Island View Casino Resort, which is owned by Defendant. *Id.* at 4. Plaintiff asserts that he attempted to enter the property while "wearing a throbe in accordance with his religious beliefs," *id.*, but

1

that he was searched "upon suspicion of a bulge in his mid-section," which was in fact bandages from a recent surgery, *id.* Plaintiff alleges that Defendant's employees asked him to leave, citing the dress-code policy. *Id.* at 5. Plaintiff claims that Defendant's dress-code policy is discriminatory against "Muslims and any individual wearing religious garments." *Id.* Prior to filing this case on April 5, 2022, Plaintiff filed a lawsuit against Defendant in Mississippi state court on July 7, 2021, alleging the same set of facts in violation of Title VII, the Fifth Amendment, and the Fourteenth Amendment. Mot. [5-3] at 2-4. The state court dismissed that suit on December 1, 2021. *Id.*

Defendant has filed a Motion [5] to Dismiss, or in the alternative, Motion for Summary Judgment, arguing among other things that Plaintiff's claims are time-barred under Mississippi's three-year statute of limitations. Mem. [6] at 3. Specifically, Defendant contends that because the events alleged in the Complaint occurred in June 2016, over five years before Plaintiff filed the present suit, Mississippi's three-year statute of limitations bars the Complaint. *Id.* at 4. Plaintiff has filed two Responses [9][19] to the Motion [5] to Dismiss, neither of which address the statute of limitations issue.

## II. DISCUSSION

A.  Relevant standards of review

In considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Baker v. Putnal,* 75

2

F.3d 190, 196 (5th Cir. 1996) (citing *McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir. 1992)). "Under Rule 12(b)(6), a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief." *Lane v. Halliburton,* 529 F.3d 548, 557 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-58 (2007)). On the other hand, a plaintiff must plead specific facts, not conclusory allegations, to avoid dismissal. *Fin. Acquisition Partners LP v. Blackwell,* 440 F.3d 278, 286 (5th Cir. 2006).

"Where matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(d). Because Plaintiff was on notice that Defendant was also seeking summary judgment, and because evidence outside the pleadings has been submitted to the Court, Defendants' Motion is and may more properly be treated as one for summary judgment. *Causey v. Sewell Cadillac-Chevrolet, Inc.,* 394 F.3d 285, 288 (5th Cir. 2004). Rule 56(c) states that summary judgment is appropriate if the pleadings, admissions on file, and affidavits show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C*, 842 F.2d 815, 816 (5th Cir. 1988).

In order to rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). Conclusory allegations and unsubstantiated assertions are not enough for a nonmovant to survive a motion for summary judgment. *Wallace v. Tex. Tech Univ.,* 80 F.3d 1042, 1047 (5th Cir. 1996). In deciding whether summary judgment is appropriate, the Court views the facts and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010).

B.   <u>Relevant statute of limitations</u>

Plaintiff's claims are brought pursuant to Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a. Defendant claims that Plaintiff's suit is barred by the applicable statute of limitations. "Statutes of limitations serve as absolute bars to suit." *Nottingham v. Richardson* 499 F. App'x 368, 375 (5th Cir. 2012). Their purpose is to "bar the litigation of stale claims at a time removed from when the pertinent events occurred." *In re Swift*, 129 F.3d 792, 796 (5th Cir. 1997).

Because Title II does not contain a statute of limitations, Mississippi's statute for actions without a prescribed period of limitation applies. *See Taylor v. Cnty. of Copiah,* 937 F. Supp. 573, 577 (S.D. Miss. 1994*), aff'd sub nom. Taylor v. Copiah Cnty., Mississippi,* 51 F.3d 1042 (5th Cir. 1995) ("Because plaintiff's complaint alleges . . . discrimination in violation of the Fourteenth Amendment and federal statute, the controlling statute of limitations for each of plaintiff's claims is

4

the Mississippi residual statute of limitations found in Miss. Code Ann. § 15–1–49.").

When no other limitations period is provided by statute, Mississippi's catch-all statute of limitations provides the proper time limit for bringing suit. *See* Miss. Code Ann. § 15–1–49(1). The Mississippi Code provides in relevant part:

> (1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.

Miss. Code Ann. § 15–1–49(1). Thus, the statute of limitation for Plaintiff's claim was three years.

C. <u>Analysis</u>

Defendant contends that the claims in the Complaint are barred by the residual three-year statute of limitations, because they accrued more than three years prior to the filing of this lawsuit. Mem. [6] at 3-4.

Defendant has submitted evidence, including a supporting affidavit to its Motion [5-4], stating that the relevant events occurred in 2016. Defendant has further submitted a final judgment from the earlier state court lawsuit involving these same alleged events, which confirms that "Defendant barred [Plaintiff] from its premises five (5) to seven (7) years ago." J. [5-3] at 1. In response to Defendant's Motion [5] to Dismiss, Plaintiff has submitted no sworn affidavit or other competent evidence to create a material fact question on this point.

The record evidence is clear that the events alleged in Plaintiff's Complaint occurred in June 2016, Ex. [5-4], over five years before Plaintiff filed the present

suit on April 5, 2022. Even if the statute of limitations was tolled during Plaintiff's attempts to litigate these same events in state court, the statute of limitations had long since expired by the time Plaintiff filed his complaint in state court on July 7, 2021. Ex. [5-1]. Therefore, Mississippi's three-year statute of limitations bars Plaintiff's claims. Because the Court concludes that the statute of limitations bars Plaintiff's suit, it need not address the remaining arguments raised by the parties. Defendant's Motion [5] to Dismiss, or in the Alternative for Summary Judgment, should be granted, and Plaintiff's claims should be dismissed.

### III.  CONCLUSION

To the extent the Court has not specifically addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDED** that, Defendant's Gulfside Casino Partnership d/b/a Island View Casino Resort's Motion [5] to Dismiss, or in the Alternative, Motion for Summary Judgment is **GRANTED**, and Plaintiff Father Jesus's claims against Defendant are **DISMISSED WITH PREJUDICE**. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 3rd day of August, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE